UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW WALLACE,                    :
                                    :
        Petitioner                  :     No. 1:15-CV-02075
                                    :
    vs.                             :     (Judge Kane)
                                    :
WARDEN KATHY LANE                   :
                                    :
        Respondent                  :

MEMORANDUM

Background

On October 27, 2015, Matthew Wallace, an inmate at the
Allenwood Low Security Correctional Institution, White Deer,
Pennsylvania, filed a petition for writ of habeas corpus pursuant
to 28 U.S.C. §2241, in which he challenges the denial by the
Federal Bureau of Prisons ("BOP") of his access to the Trust Fund
Limited Computer System ("TRULINCS"). (Doc. No. 1.)  TRULINCS is a
program deployed by the Bureau of Prisons to provide inmates with
some limited computer access, involving, inter alia, electronic
messaging, law library services and commissary fund management.
(Doc. 1.1, at 2.)  In the memorandum in support of the petition
Wallace states that he was denied access based on "a
misrepresentation of an outdated BOP Program Statement."  (Doc.
No. 1-2, at 1-2.)  He further claims that the reason given for the
denial was that he had "'special skills' with computers and
networking, having previously worked as an IT technician for
Pfizer Pharmaceuticals in their laboratories" and because his

sentence of conviction involved the receipt and possession of child pornography. Id.  Wallace claims that he has properly brought his claim pursuant to 28 U.S.C. § 2241 because he is challenging a condition of confinement. Id.  Wallace names the warden of the Allenwood Low Security Correctional Institution as the Respondent. Id.  Wallace paid the $5.00 filing fee.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.  For the reasons set forth below, the petition will be dismissed summarily.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See Clark-Aigner v. Ebbert, 2015 WL 632213, at *2 (M.D.Pa. Feb. 13, 2015)(Nealon, J.)(citing Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)); Thompson v. DeRose, 2013 WL 5719413, at *1 (M.D.Pa. Oct. 21, 2013)(Brann, J.)(same); Jackson v. Ebbert, 2010 WL 3447764, at * 2 (M.D.Pa. Aug. 30, 2010)(Caputo, J.)(same). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It has been repeatedly held that "[a] petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" Thomas v. Hauser, 2015 WL 1566233, at *1 (M.D.Pa. April 8, 2015)(Nealon, J.)(citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) and Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991)); see also Thompson, 2013 WL 5719413, at *1; Jackson, 2010 WL 3447764, at * 2. The Allen court stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Rinaldi v. Zickefoose, 2013 WL 4812491, at *1 (M.D.Pa. 2013)(Rambo, J.)(citing Preiser v. Rodriguez). However, [f]ederal habeas corpus review is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" Rinaldi, 2013 WL 4812491, at *1 (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); see also Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 111 (3d Cir. 2015)(the purpose of a habeas petition is to challenge

the fact or duration of confinement not the conditions of
confinement);[1] <u>McCarthy v. Warden, USP Lewisburg</u>, 417 F. App'x
128, 129-130 (3d Cir. March 14, 2011)(same); <u>Brown v. Bledsoe</u>, 405
F. App'x 575, 576-577 (3d Cir. Jan. 12, 2011)(same); <u>Bedenfield v.
Warden Lewisburg</u>, 393 F. App'x 32, 33 (3d Cir. Sept. 9,
2010)(same).

        In the instant petition, Wallace is not challenging the
legality of his present incarceration.  Rather, he seeks to
challenge the conditions of his confinement relating to his access
to TRULINCS.  Accordingly, "habeas corpus is not an appropriate or
available federal remedy." <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109
(3d Cir. 1993); <u>see also</u> <u>Ulloa v. Sauers</u>, 2013 WL 6328460, at *1
(M.D. Pa. Dec. 5, 2013)(dismissing a habeas petition raising a
claim of denial of access to TRULINCS). Consequently, the petition
will be dismissed without prejudice to any right Wallace may have
to reassert his present claims in a properly filed civil rights
complaint.[2] <u>See</u> <u>Chen v. Zickefoose</u>, 2013 WL 5596316, at *2
(M.D.Pa. Oct. 10, 2013)(Brann, J.); <u>Milhouse v. Bledsoe</u>, 2009 WL

---

1.  In <u>Descamps</u>, a per curiam and non-precedential opinion, the
Court of Appeals summarily affirmed the order of the district
court "because no substantial question [was] presented by [the]
appeal." 617 F. App'x at 111. In so doing the Court citing <u>Leamer
v. Fauver</u>, a precedential opinion, stated as follows: "To the
extent that Descamps challenged the adequacy of the dental and
mental care he is receiving, he is challenging conditions of his
confinement; his claims do not sound in habeas corpus." <u>Id.</u>

2.  In this regard, the Court expresses no opinion as to the
merits, if any, of any civil rights claim Wallace may file based
upon the facts asserted herein.

2982658, at *2 (M.D.Pa. Sept. 11, 2009)(Rambo, J.); <u>Hewlitt v.</u>
<u>Holland</u>, Civil No. 96-1075, slip op. at 9 (July 2, 1997 M.D.
Pa.)(Nealon, J.)("Because the petitioner will not be allowed to
elude the filing fee requirements of the PLRA, his claims will be
dismissed without prejudice, as they are not habeas corpus claims,
but rather claims relating to the conditions of his confinement
that should more appropriately be brought under the Civil Rights
Acts.").

   Finally, because Wallace is not detained because of
process issued by a state court and the petition is not brought
pursuant to 28 U.S.C. § 2255, no action by this court with respect
to a certificate of appealability is necessary.

   An appropriate order will be entered.